Minnie Janos v. Commissioner.
Janos v. Commissioner
Docket No. 34233.
United States Tax Court
1952 Tax Ct. Memo LEXIS 8; 11 T.C.M. (CCH) 1211; T.C.M. (RIA) 53003; December 19, 1952
*8 Held: The value of an interest in real property made the subject of a gift does not include the value of a second mortgage lien against the property when the gift is expressly made subject to the lien of the mortgage and it is specifically provided the mortgage shall not, on assignment, merge with the fee. Howard L. Kuttner, Esq., for the petitioner. Charles M. Greenspan, Esq., for the respondent. VAN FOSSAN Memorandum Findings of Fact and Opinion The respondent determined a deficiency in the gift tax liability of the petitioner for 1946 in the amount of $11,697.83 and a gift tax deficiency of $3,715.42 for 1947. The sole question presented is the value of gifts of interests in real property for the purpose of gift tax. Findings of Fact Minnie Janos, the petitioner, resides in Bronx, *9 New York, and filed gift tax returns for the years in question with the collector of internal revenue for the fourteenth district of New York. A deed was executed and recorded on May 29, 1944, by Dexter Associates, Inc. conveying real property in the city of New York known as 270 West 39th Street and 594-8 Eighth Avenue to Jacob Janos and Minnie Janos as tenants in common. This conveyance was made subject to a first mortgage in the principal amount of $628,425 and subject also to a second mortgage in the amount of $74,000. In 1946, the petitioner made a taxable gift of this property to her children, Emanuel Janos, Seymour Janos, Mae Yanous and Dorothy Lester. The gift was made on December 2, 1946, by a deed later recorded in the Office of the Register of the City of New York by which the petitioner, then being seized of the fee, conveyed a four-fifths interest in the property to her four children named above, as tenants in common, the petitioner being named as the owner of the remaining one-fifth interest. This conveyance was made subject to the lien of a first mortgage in the principal sum of $607,030.78 with accrued interest thereon. The value of the property at the time of the *10 conveyance was $760,000. The deed of conveyance stated that the transfer was made subject to the recorded lien of a second mortgage with accrued interest. The second mortgage upon the property in question was executed on May 17, 1944 by Dexter Associates, Inc., securing a bond acknowledging an indebtedness to Colter Realty, Inc. in the amount of $74,000 with interest thereon at 6 per cent. The mortgage was recorded on May 18, 1944. Affixed to the bond were U.S. Internal Revenue Documentary Stamps in the amount of $81.40. On May 29, 1944, the same date on which Dexter Associates, Inc. transferred the property in question to Jacob and Minnie Janos, Colter Realty, Inc. executed an assignment of the second mortgage to the petitioner. Affixed to the assignment were U.S. Internal Revenue Documentary Stamps in the amount of $37. The instrument stated "The mortgage hereby assigned to the assignee shall not merge with the fee." On November 30, 1948, a deed was executed by Minnie Janos, Executrix of the Last Will and Testament of Jacob Janos, conveying the real property in question to Minnie Janos, the sole residuary legatee, under the aforementioned Last Will and Testament. The conveyance *11 was made subject to the first and second mortgages with accrued interest thereon. The deed also stated: "A Deed was previously executed under date of December 2, 1946 and recorded under date of March 13, 1947 * * * running from MINNIE JANOS to EMANUEL JANOS, SEYMOUR JANOS, MINNIE JANOS, DOROTHY LESTER and MAE YANOUS and the present deed is intended to show the continuity of title whereby the said MINNIE JANOS acquired title to the premises hereinabove described." A satisfaction certificate was issued on December 11, 1948, it stating that the Register of the City of New York certifies that the mortgage dated May 17, 1944 (the second mortgage) was canceled and discharged on December 10, 1948. The value of the equity of the property, four-fifths of which was given by the petitioner to her children, was $78,969.22. Opinion VAN FOSSAN, Judge: Respondent states the ultimate and determinative question here in issue to be whether petitioner has proved that the second mortgage "was a valid, legal, and subsisting incumbrance for gift tax purposes at the time of the gift." Petitioner states the conclusion that she desires to be that the second mortgage did not merge with the fee when *12 the petitioner acquired the mortgage by assignment nor, upon the death of her husband, when she became the sole owner of the fee. In other words, the issue is whether the second mortgage is to be deducted from the value of the gift for determination of gift tax liability. Respondent allows the deduction of the first mortgage in the calculation of such value with a consequent taxable value of $152,969.22. Petitioner asks the additional deduction of $74,000 on account of the second mortgage in that amount, leaving a net taxable gift of $78,969.22. There is no dispute over the mathematical calculations or the money result. The answer as to the value is $152,969.22 if respondent prevails and $78,969.22 if the petitioner prevails. We sustain the petitioner. When the second mortgage was assigned on May 29, 1944, it was the intent of the parties, supplemented bya clear provision of the assignment endorsed on the document, that "The mortgage hereby assigned to the assignee shall not merge with the fee." ; . Under Regulations 108, section 86.3, gift *13 tax "is measured by the value of the property passing from the donor * * *." In this case, since the gift was specifically made subject to the mortgage, the donor transferred the property subject to such mortgage and the amount of such second mortgage should be deducted from the gross value of the gift to get the net or taxable value of the gift. The second mortgage was not discharged and canceled until December 10, 1948. Respondent's argument to the contrary of the above holding is based on assumptions not sustained by the evidence. Decision will be entered under Rule 50.